Thank you, Your Honor. Amy Cleary, on behalf of Alexander Radford, I'm going to try to reserve two minutes for my rebuttal. This case brings forward challenges to violations of Mr. Radford's constitutional rights, specifically his Sixth Amendment right to confront and cross-examine witnesses, his Fifth Amendment right to present a complete and full defense, and his Fifth Amendment right against self-incrimination. This case proceeded to trial below on a limited set of witnesses and facts. The case involved a felon in possession charge. The government had two witnesses, one who could provide only circumstantial evidence of the firearm that was found, and one who could present direct evidence of the firearm that was found. The had, unlike many of our officers, a very tainted past and history with the department. He had a history of demotions and pay. He was on performance plans that he did not complete. He came with baggage, I'll say. So the only witness the government had in an attempt to show that there was a firearm directly leaving Mr. Radford's body and hitting the floor was Cassandre Thomas. The problem with Ms. Thomas and with the proceedings below was that one week before trial, the government gave a statement to the defense that says, although Ms. Thomas's prior statement only said that she saw the gun fall from Mr. Radford's pocket, she's now saying that she had seen that gun with Mr. Radford that night, and that he was actually That change in circumstance required the defense to work to find a way to deal with this brand new evidence one week before trial. The way the defense had to deal with that was to get a continuance of the trial proceedings so that she could obtain Ms. Thomas's Social Security records. There's no dispute that Ms. Thomas had a learning disability and that she was on Social Security. But it is clear in the record, isn't it, that there's nothing that we can find that say what's in the Social Security records? No, there's not. In fact, the district court again suggested in making its ruling that there may be records that contain evidence to impeach the witness and there may not. Didn't he also say that? And that was where we are here, is it not? That's correct, Your Honor. But I would direct this court to its own precedent, and I'll cite two cases for you that we put in our briefs. U.S. v. Coring, which states that mental health evidence is material, can be material to the cross-examination of witnesses. There's no doubt it can be material, and in fact the district court gave counsel the opportunity to cross-examine about those mental health issues, correct? Correct. And he did not, or she did not. She did not, Your Honor. Was it you? No, it was not, Your Honor. I didn't think it was, so I didn't know for sure. The counsel didn't even try to cross-examine about that. And I think that there's two very practical reasons. Given the fact, I mean, why I'm pushing you is a little bit, is that one of the factors I have to look about in abuse of discretion in these situations is that the prejudice, there must be prejudice to the appellant. The very fact the district court gave you the opportunity to cross-examine your client, and nobody cross-examined into the issues, doesn't that eliminate the prejudice, which is factor four? My answer is no for two reasons. One, if counsel had cross-examined on whether there was a mental illness, when we already know that Ms. Thomas was adamant that only, her only disability was a learning disability, counsel had nothing to attack that answer with. There was nothing to back up any questions regardless of what Ms. Thomas said. My second reason is, I find it wholly improper. Well, I'm having a tough time exactly with that, because I tell you, I'm an instant potato, but I have been in those circumstances before, where we were supposed to cross-examine, and we had a mental health issue, and we really didn't have any records. I found a way to make the cross-examination effective, and I tried, and frankly, the jury helped me out. So I guess I'm, I mean, my worry is that I, first of all, this is an abuse of discretion. Correct. And so I have to look at the four factors, and the last factor is the one I'm really pressing you on. Correct. Because that, to me, is a tough factor to overcome. When I don't know anything, there's nothing in the record to help you. In U.S. v. Rivera-Guerrero, this court stated that when you're looking to determine the utility of the records that you were trying to get, or the evidence that you were trying to get, you didn't need to show specifically what you were looking to pull. You need to only show that there have been evidence helpful to your position that could have been produced. So it's just... There is evidence? I'm sorry, Your Honor? You say there is evidence? There are Social Security records. Just read to us, there is evidence? Correct. So you have to show there is evidence? That if we would have obtained those records, that those records would be evidence that would have assisted our defense. And where do we find that that's true, if I look at the record, that there is evidence? I'm not saying that there was evidence in the record other than the fact that she is on Social Security, and she does have a learning disability. It is unknown the extent of her other mental issues. That's the is part isn't there. That's the problem I'm having with your statement. And I would just direct your court, there's no dispute that these records exist. Social Security doesn't give benefits to people willy-nilly. There's doctor's reports, there's all manner of things that document this woman's disability. That's what we needed so that we could contest her perceptions of the event. She's the only direct witness before the jury. And I'd also suggest, and I had cut off on the second reason when your Honor was questioning regarding the prejudice, it's very difficult to put a question to someone who is believed to have a mental illness, who defense counsel found floridly psychotic, a representation that the district court accepted, to ask someone who has those issues if he or she has a disability, that's inappropriate. Why would we trust someone who is only claiming to have a learning disability to have the wherewithal to accept a question like that and come forward with medical information? I just think that's inappropriate. And I think that the district court abused its discretion. We now hear that argument. Is there any other of these issues you'd like to be heard about? Absolutely, your Honor. The second issue that we raise has to do with Officer Johnson's comment on Mr. Radford's silence when he was in custody. The district court the first time around agreed that this wasn't something that she believed needed a curative instruction. Not only did the district court change course on that, but when she gave the instructions, she backed away from the Ninth Circuit's pattern instructions and actually took out of the jury charge the language about... Did the district court sustain any objection here? Yes, your Honor. And after that, so we're really talking about if the district court sustains the objection, so they've gone that far. We're just talking about did they need to give a further curative instruction? Correct, your Honor. And so reading the record as we read it, then I am supposed to suggest this is an abuse of discretion? You're... This court... I'm concentrating. When the district court did not give a jury instruction on the right to remain silent in this particular situation, seems to me that's a discretionary decision in the district court's mind. And I guess what I'm trying to figure out reading the record, whether that really was and whether I can find it was an and so the jury knew that what was asked was wrong. And your client had every benefit of the doubt in that. Many times I like the sustained better than the district court talking because what the district court was going to say may not help. So all I'm down to is, is this an abuse to discretion review? You think it's direct... That this is de novo review? I believe... On a jury instruction? I believe it's de novo review because... What's your best case for that? My best case, your Honor, is United States versus Valerde Gomez cited in our opening brief on page 31. And I will also direct the court to U.S. versus Newman, 943 F. 2nd, 1195. And reviewing whether this error... Because it's a constitutional right at issue. I know what it is. But first of all, you've got to find that this was a comment. Correct. Then, which I'm not sure it was a comment, then you've got to say, okay, and I can de novo review it. That's all I'm pushing you on. So I appreciate your answer. Thank you. Are there any further questions from my colleagues? Thank you very much. Thank you, Your Honor. Good morning. May it please the court, Bill Reed for the United States. As we noted in our answering brief, the government believes that this issue about the continuance was arguably waived by the defendant at trial when the morning of trial, the government was having difficulty, great difficulty, witness problems. Ms. Thomas, the witness who is the subject of the continuance request by the defendant, was nowhere to be found even though she was under subpoena. And the court was grappling with the government's, at this point, the government's request for a continuance on the day of trial. And... Well, first of all, I think we have to put this in perspective. Seems to us that the defense did not, at that point, did not want a continuance. They wanted one to begin with. And then it came to this point, and it seems to me that what the defendant said was, if you're going to grant it, grant for 60 to 90 days, isn't that what they said? That is correct, Your Honor. How do I get that into a waiver? It seems to me what they're saying is, we're not, we're not anxious to have this continuance now. But if you're going to do it, then go for how long we wanted it in the first place. That doesn't seem to me waiver language at all. Your Honor, the only point I hope to make out of that is it put the district court in sort of an untenable situation. Any, whatever decision the district court made, was going to make, was going to be objectionable and... Well, I understand it might be objectionable, but when you're on the district court, you know that's happening. You got to make rulings. All I'm trying to do is I'm trying to say, if the government really wants to waive waiver in front of me, they got to say where the waiver is. I don't think there was a waiver. I think they objected, but they said, if you're going to grant it, go 60 to 90 days, which is what we wanted in the first place. I understand, Your Honor. I just, I wanted to... Why don't you go ahead. Yes, on the merits, though, as Your Honor was previously in the colloquy with my colleague discussing, on the merits, though, the issue fails, that the claim fails. Here, the defendant is unable to show any prejudice, and there, here, the district court did not, in the government's view, did not err when it said there may be records, as Your Honor noted, or there may not be records, that, and there was just no evidence that the records were helpful, that they were going to be admissible, that they were, in any way, going to help with the cross-examination of this witness. The, as Your Honor noted earlier in the colloquy, the defendant did not even ask the witness, who is really a very, is a very brief cross-examination, didn't even ask this witness whether she had any sort of mental infirmity, disability, learning disability, or was otherwise impaired in any way in her cognitive processes. So, it, that's additional evidence that the information sought would not have been necessarily helpful. What about the jury instruction? Your Honor, the jury instruction, with respect to the objection that was made and sustained, Your Honor, that was, I think the district court sustained the objection, but after having reflected upon it, I think there was a recess, and the district court, I think, reviewed the transcript of the, from the heat of the battle, so to speak, and made a determination that this was not even, well, first of all, the district court noted that at the time the objection was made, that there was, the defense at trial was that there was no investigation into this underlying battery that precipitated the officer responding, and one thing leading to the other, and the firearm being recovered, that there was no investigation into this incident where Mr. Radford was attacked, and that the officer's answer deals with the incident where he was attacked, which is a subject matter of the criminal offense, and then later, after having thought about it, the district court, in denying the defendant's request for the curative instruction, excerpt of record 241, so the answer from Officer Johnson deals with the battery assault incident and has nothing to do with this case. There was no accusation, no denial of silence. So, the government's position is the district court did correctly analyze this, that there was really no need for an instruction, that there wasn't a comment on the silence, that it dealt with a criminal accusation. I'm sorry, Your Honor. Do I need to give the district court any deference in this determination? Yes, Your Honor, and the abuse of discretion, the government agrees with the court, with Your Honor, that an abuse of discretion standard does apply to this type of evidentiary and jury instructions. In other words, I'd be making the same determination as the district court here, right? I'd be de novo. If I did not give any deference, then I would have to look at what was said and the circumstances of what it was said and whether it needed to be given, right? Yes, Your Honor. Well, if one is silent in response to a question, does that silence have to be with respect to a question that directly relates to the crime? I thought you had a right to remain silent if you were asked about who your grandmother was. Your Honor, I think Your Honor is correct that the right to remain silent is paramount, but in the context of where the defense at trial was, from the very beginning, from the opening statement, the defendants was telling the jurors that nobody was going to investigate this to the officers about, did you ask my client about the battery? Nobody investigated. Nobody took any photographs. It certainly was, the government had a right to at least respond to what steps were taken, if any, to investigate, to refuse the defense, that is, that nothing was done. That was the defense in this case, that it was sloppy police work and that this firearm was planted on this defendant because of sloppy police work and nobody was going to investigate this underlying battery. So the response was related to, did the defendant give any information about who attacked him or how he was injured? So I would submit that that was, I'm not saying an invited error, but certainly a response that was permitted as part of the government's case in chief. Well, did the government do any more with that silence, other than ask the question that was objected to? Thank you, Your Honor. No, Your Honor, the objection was sustained and the prosecutor quickly... And the subject was dropped. It was dropped and the direct examination of Officer Johnson was terminated at that point. I think the question that was asked, I'm paraphrasing, was, did you do anything else in relation to your involvement in this matter? And then the officer gave his answer that was objected to and then the prosecutor relinquished the floor. Unless there are any other questions, I too will relinquish the question. Thank you very much for your argument. Thank you, Your Honor. Appreciate it. Counselor, you did go over already. I'll give you 30 seconds. The review is de novo because there's a constitutional claim at issue. So the review of this court is whether there was harmless error. And because it's a constitutional error, it's harmless beyond a reasonable doubt. That's what the court would need to find and it doesn't exist here. And I would agree with... Did I... Okay. Go ahead. And I would agree with Your Honor that the questions that were raised by Mr. Johnson and commented on. And I would direct the court to EOR 254, where the government in its closing does ask the jury to infer guilt from his... From Mr. Radford's conduct in the case. And although it didn't specifically reference Mr. Johnson's question, that was the whole point of the government's closing. Is this what an innocent person would have done? And for those reasons, we think that the district court violated Mr. Radford's constitutional rights. Thank you. Thank you. Thank you for your argument. Case 1510166, United States v. Radford is submitted. And we'll move to case 1515240, Scott v. Arnold.
judges: Wallace, Schroeder, N.R. Smith